IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TEXOTEL, INC. dba QUALITY INN AND SUITES<br>*Plaintiff,*<br><br>v.<br><br>DEPOSITORS INSURANCE COMPANY and MATTHEW BERG<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 5:18-cv-1336 |

## NOTICE OF REMOVAL

Defendant Depositors Insurance Company ("Depositors"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Texotel, Inc. dba Quality Inn and Suites v. Depositors Insurance Company*; Cause No. C-2018-2163C; In the 247th Judicial District of Comal County, Texas.

## I.
## BACKGROUND

Plaintiff Texotel, Inc. dba Quality Inn and Suites (hereinafter "Plaintiff") initiated the present action by filing its Original Petition in Cause No. C-2018-2163C; in the 247th Judicial District of Comal County, Texas on December 5, 2018 (the "State Court Action"). *See* Plaintiff's Original Petition, attached as **Exhibit A**.

1.  Defendant appeared and answered on December 28, 2018, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition. *See* Defendant's Original Answer, attached as **Exhibit B**.

2. Pursuant to 28 USC § 1446(a) all a copy of all process, pleadings, and orders served upon Defendant in the State Court Action are incorporated in **Exhibit A**. Pursuant to Local Rule 81, a full copy of the state court file has been requested and will be filed upon receipt.

3. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff through its attorney of record, and to the clerk of the 247th Judicial District Court of Comal County, Texas.

4. Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Defendant of Plaintiff's Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

5. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.    Diversity of Parties**

6. Plaintiff alleges it is a Texas entity which owns property in Comal County, Texas. *See* **Exhibit A**, ¶ II.   Plaintiff is a domestic for-profit corporation organized under the laws of the State of Texas who keeps its principal place of business in Comal County, Texas. Pursuant to 28 U.S.C. § 1332(c), therefore, Plaintiff is a citizen of the State of Texas.

7. Defendant Depositors Insurance Company is organized under the laws of Iowa and maintains its principal place of business in Iowa.  Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Depositors is a citizen of the State of Iowa.

8.     Defendant Matthew Berg is domiciled in Franklin County, Ohio and is therefore a citizen of the State of Ohio.  Berg has not been served with process in this matter, and on information and belief no citation has been issued to Berg.

9.     Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

**B.     Amount in Controversy**

10.    Plaintiff's Original Petition states that Plaintiff seeks "monetary relief over $200,000 but not more than $1,000,000.00 dollars."  *See* Plaintiff's Original Petition, **Exhibit A**, ¶ III. Plaintiff further pleads that damage to the property at issue exceeds $200,000. *See* Plaintiff's Original Petition, **Exhibit A**, ¶ V.  The threshold for diversity jurisdiction, $75,000, is therefore met by the allegations of Plaintiff's Original Petition.

11.    Plaintiff further alleges that Defendant's conduct was wrongful and done knowingly, entitling it to a trebling of actual damages under Texas Insurance Code Chapter 541. *See* **Exhibit A,** ¶ VII; Tex. Ins. Code sections 541.002 & 541.152.  Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[1]

12.    The amount in controversy plainly exceeds $75,000, exclusive of interest and costs. *See* **Exhibit A**.  Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

---

[1] *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

## III.
## CONCLUSION

13. Removal of this action under 28 U.S.C. § 1441(a) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

14. WHEREFORE, Defendant Depositors Insurance Company hereby provides notice that this action is duly removed.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 - Facsimile

**ATTORNEYS FOR DEFENDANT
DEPOSITORS INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

  This is to certify that a true and correct copy of the foregoing instrument has been served via certified mail, return receipt requested this the 28th day of December, 2018 to:

Marco D. Flores                *9414 7266 9904 2061 9278 88*
Manuel Pelaez-Prada
Marco A. Cabrera, Jr.
Flores & Pelaez-Prada, PLLC
3522 Paesanos Parkway, Ste. 301
San Antonio, Texas 78231
mflores@stormlex.com
mpp@stormlex.com
mcabrera@stormlex.com

              */s/ Patrick M. Kemp*
              Patrick M. Kemp